The Attorney General is in receipt of your request for an opinion wherein you ask the following questions: "1. May the corporate officers of a corporation currently holding a valid Funeral Establishment License issued by this Board form, create, or establish a holding company or holding corporation for the purpose of owning and operating a cemetery on tax exempt property, given that the Funeral Establishment is not and would not be located on the tax exempt property? "2. May the corporate officers of a corporation currently holding a valid Funeral Establishment License issued by this Board form, create, or establish a separate corporation with no directors common to both corporations, with the corporation so formed, created, or established intended to own and operate a cemetery on tax exempt property? "3. May any individual, partnership, or corporation own and operate both a Funeral Establishment and a cemetery if the cemetery grounds have not received tax exempt status as a cemetery? "4. May one member of a partnership operate a funeral establishment and the other partner operate a cemetery if the partnership owns both funeral establishment and the cemetery but the operation is separate ?" The Oklahoma Board of Embalmers and Funeral Directors, pursuant to 59 O.S. 396 [59-396] (1971) et seq., issues licenses to individuals, corporations and establishments to conduct the practice of embalming and funeral direction. Section 59 O.S. 396.9 [59-396.9] places a restriction upon the issuance of such licenses by providing as follows: "No license shall be issued by said Board to any person, firm or corporation engaged in or organized for the purpose of selling, leasing or otherwise disposing of real property, exempt by the laws of this State from taxation, to be used for the interment of human dead bodies, and no person, firm, association, trustee or corporation shall operate or conduct a funeral home in or upon real estate within this State which is situated upon any cemetery or burial ground, and the Board shall see that this provision is executed and enforced." The broad language of 59 O.S. 396.9 [59-396.9] evinces a clear intent to keep separate the ownership or operation of funeral establishments and cemeteries. More specifically, the first clause of 59 O.S. 396.9 [59-396.9] prohibits the issuance of a license to a person, corporation or establishment, where such person, corporation or establishment is also engaged in or organized for the purpose of selling, leasing or otherwise disposing of tax-exempt cemetery property. The second clause prohibits the operation of funeral establishments on cemetery grounds, irrespective of the tax status of such cemetery. Initially, it should be noted that where a statute prohibits a particular action or course of conduct, a person will not be allowed to circumvent that statute by doing indirectly that which is forbidden to be done directly. Shenson v. Fresno Meat Packing Co., (Cal. 1950) 216 P.2d 156. With regard to your first and second questions, if the corporations sought to be established for the purpose of owning and operating a cemetery on tax exempt property evidences, in any manner, an ownership or control by the licensed corporation, such ownership would be in violation of 59 O.S. 396.9 [59-396.9]. The fact that the funeral establishment is not located on tax exempt cemetery property is immaterial to the prohibition regarding dual ownership. With regard to Question No. 3, where the cemetery property is not exempt from taxation, there is no violation of 59 O.S. 396.9 [59-396.9] as long as the funeral establishment is not operated on the cemetery or burial grounds. However, if the cemetery property should become exempt from taxation at some later point in time, 59 O.S. 396.9 [59-396.9] would become operative and prohibit the Board from renewing the license of such individual, partnership or corporation. With respect to Question No. 4 regarding a partnership owning but separately operating a cemetery and a funeral establishment, it is apparent that each partner, individually, has an ownership interest in both the cemetery and the funeral establishment. Such individual interest in each business would constitute a violation of 59 O.S. 396.9 [59-396.9]. It is, therefore, the official opinion of the Attorney General that: 1. The corporate officers of a corporation currently holding a valid funeral establishment license issued by the Board may not form, create or establish a holding company or holding corporation for the purpose of owning and operating a cemetery on tax-exempt property. 2. The corporate officers of a corporation currently holding a valid license issued by the Board may form, create or establish a separate corporation for the purpose of owning and operating a cemetery on tax-exempt property as long as the licensed corporation or its officers do not acquire, directly or indirectly, an ownership interest in such cemetery. 3. An individual, partnership, or corporation may own and operate both a funeral establishment and cemetery if the cemetery grounds are not exempt from taxation and the funeral establishment is not operated on cemetery grounds; when or if the cemetery grounds become exempt from taxation, the Board of Embalmers and Funeral Directors are prohibited from issuing a renewal license to such individual, partnership or corporation. 4. One member of a partnership may not operate a funeral establishment and the other partner operate a tax-exempt cemetery if the partnership owns both the funeral establishment and the cemetery. (Patricia Redd Demps)